# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1879ND

_____

| | | |
|---|---|---|
| Kenneth H. Koskela, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the District of |
| | * | North Dakota. |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 2, 2000

Filed: January 3, 2001

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


After a jury found Kenneth H. Koskela guilty of theft of firearms, conspiracy to transport stolen firearms, and being a felon in possession of firearms, in violation of 18 U.S.C. §§ 371, 922, and 924, we affirmed his convictions and sentence. See United States v. Koskela, 86 F.3d 122, 124-26 (8th Cir. 1996). Mr. Koskela then filed a 28 U.S.C. § 2255 motion, claiming his trial counsel, Kent Morrow, had been ineffective. After responsive pleadings from the government, the District Court denied relief, and Mr. Koskela appeals. For the reasons that follow, we affirm in part and reverse in part.

The trial evidence showed that on February 24, 1994, Floyd Wesley Shulze and Mr. Koskela--assisted by Susan Kay Dokken, who testified for the government--stole approximately sixty firearms from the Dakota Lawman Supply Company in Bismarck, North Dakota. According to the government's evidence, the next day they transported the firearms in a rented car to Denver, Colorado, where Mr. Shulze traded fifty-eight of them for cocaine.

In support of his Section 2255 motion, Mr. Koskela attested that he told Mr. Morrow: (1) he had been in Bismarck from February 22 to 25 to help Mr. Shulze repair damage to his home caused by frozen water pipes; (2) during this time, he and Ms. Dokken stayed at a motel while Mr. Shulze stayed with his friends, Mary and Dean Miller; and (3) Mr. Koskela then returned to Fargo, where he was employed by Joe Kelly on the weekend of February 26 and 27, 1994. Mr. Koskela attested that he instructed Mr. Morrow to subpoena, among others, the Millers and Mr. Kelly; he attached to his motion the affidavits of the Millers, Mr. Kelly, and Mr. Shulze, all supporting his alibi defense. The government argued that the affidavits lacked credibility, given the trial evidence, the decision of Mr. Shulze's attorney not to present an alibi defense, and Mr. Shulze's decision not to testify. The government also relied heavily on Mr. Morrow's affidavit, which included his attestations that Mr. Koskela admitted going to Bismarck to get "dope," admitted accompanying Mr. Shulze and Ms. Dokken to Colorado, and never mentioned the names of potential alibi witnesses.

The District Court concluded, without an evidentiary hearing, that the affidavits lacked credibility in the face of the government's pleadings and affidavits, and in any event did not undermine the Court's confidence in the trial outcome. A Section 2255 movant is entitled to an evidentiary hearing, however, unless the motion, files, and record conclusively show that he is not entitled to relief. Because the record before the District Court contained sharply conflicting evidence, the Court abused its discretion in finding a hearing unnecessary. See Engelen v. United States, 68 F.3d 238, 240-41 (8th Cir. 1995) (standard of review; § 2255 motion may be dismissed without hearing

if (1) movant's allegations, accepted as true, would not entitle him to relief, or (2) allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact).

Mr. Koskela's remaining claims of ineffective assistance on which we granted a certificate of appealability are unavailing, for want of a showing of deficient performance or prejudice. See Strickland v.Washington, 466 U.S. 668, 687-88 (1984) (to obtain relief on claim of ineffective assistance, one must show counsel's performance fell below objective standard of reasonableness, and deficient performance prejudiced defense). In particular, the record shows that (1) contrary to Mr. Koskela's suggestion, Mr. Morrow explored, during cross-examination, whether law-enforcement officials had coerced the witness Sheldon Mount into making a statement implicating Mr. Koskela in the criminal activity; (2) witness Michelle Ripplinger, who Mr. Koskela says also should have been cross-examined more vigorously, admitted that she could not identify an anonymous 911 caller who reported a non-existent accident on February 24 purportedly to lure police away from the crime scene; (3) Mr. Morrow questioned witness Peter Graber--who had testified that the 911 caller sounded like Mr. Koskela--concerning Mr. Graber's bias against Mr. Koskela, and his uncertainty over whose voice was on the 911 recording; (4) the testimony of Mr. Koskela's mother and brother as to Mr. Graber's bias and lack of familiarity with Mr. Koskela's voice would have been cumulative; (5) omission of evidence that a round trip between Bismarck and Denver is 1412 miles was not prejudicial; and (6) while Ms. Dokken's testimony was critical, the proffered impeachment testimony of potential witness Shelly Grossman would have been largely cumulative.

Accordingly, we remand for further proceedings on Mr. Koskela's claim that his counsel was ineffective for failing to call the Millers and Mr. Kelly. We affirm in all other respects.

Mr. Koskela's motion to strike counsel's appeal brief is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.