# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1960

_____

United States of America,       *
                             *

        Appellee,           *

                             *

     v.                *   Appeal from the United States
                             *   District Court for the Southern

Jennifer Regenos,         *   District of Iowa.
                             *      [UNPUBLISHED]

        Appellant.       *

_____

Submitted:  December 20, 2002

Filed:  December 27, 2002

_____

Before WOLLMAN, FAGG, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Jennifer Regenos pleaded guilty to conspiring to distribute and possess with intent to distribute more than 50 grams of methamphetamine and more than 500 grams of a substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The district court[1] sentenced her to 240 months of imprisonment and 10 years of supervised release, as that was the statutory minimum sentence given her prior felony drug conviction. On appeal, counsel has

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the sentence amounts to cruel and unusual punishment under the Eighth Amendment.

This argument is unavailing. Section 841 and its mandatory minimum sentencing provisions have consistently withstood constitutional scrutiny. <u>See, e.g.</u>, <u>United States v. Mendoza</u>, 121 F.3d 441, 442-43 (8th Cir. 1997) (20-year mandatory minimum sentence for distribution of 1 pound of methamphetamine after prior drug conviction was constitutional); <u>United States v. Prior</u>, 107 F.3d 654, 659-60 (8th Cir.) (life sentence without parole for possessing with intent to distribute 1,147.6 grams of methamphetamine after 3 prior drug convictions did not violate Eighth Amendment), <u>cert. denied</u>, 522 U.S. 824 (1997); <u>see also</u> <u>Harmelin v. Michigan</u>, 501 U.S. 957, 1001-02 (1991) (Kennedy, J., concurring in part and concurring in the judgment) (Eighth Amendment forbids only sentences grossly disproportionate to crime; life sentence without parole for first offense of possession of less than 1 kilogram of cocaine was not cruel and unusual punishment).

Following our independent review, <u>see</u> <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-