# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1499

_____

United States of America,       *
       *
      Appellee,       *
       *   Appeal from the United States
   v.       *   District Court for the
       *   Southern District of Iowa.
Jennifer Regenos,       *
       *
      Appellant.       *

_____

Submitted:  March 14, 2005
Filed:  April 28, 2005

_____

Before WOLLMAN, LAY, and HANSEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Jennifer Regenos appeals from the district court's[1] denial of her motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, as well as from the district court's denial of an evidentiary hearing to address the claims brought in the § 2255 motion. We affirm.

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

**I.**

Regenos pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846. Her original plea agreement with the government provided that, in return for her plea, a stipulation that she was an organizer or leader of the conspiracy, and a waiver of her right to seek an acceptance of responsibility reduction, the government would agree to a sentence of 210 months and would withdraw its previous notice (filed pursuant to 21 U.S.C. § 851) informing the court that Regenos had a prior narcotics felony conviction. The notice, if not withdrawn, would have increased the mandatory minimum sentence for Regenos's crime from ten years to twenty years. See 21 U.S.C. §§ 841(b)(1)(A), 846, 851.

Prior to her plea hearing, however, Regenos and the government modified the plea agreement. The modified agreement deleted the 210-month sentence provision, the government's promise to withdraw the notice of prior conviction, and Regenos's stipulation regarding her role in the offense. The modified agreement also restored Regenos's right to seek an acceptance of responsibility reduction and stated that the mandatory minimum sentence for Regenos's offense of conviction (without the withdrawal of the government notice) was twenty years (240 months) rather than ten. Each change in the original agreement was initialed by the prosecutor, Regenos's attorney, and Regenos herself. See App. to Appellant's Br. at 9-11.

At Regenos's plea hearing, the district court informed her that the minimum sentence she would receive under the modified agreement was the mandatory minimum of twenty years in prison and that the mandatory minimum would most likely be higher than the sentence mandated by the Guidelines. Plea Tr. at 9. Regenos indicated that she understood these facts, and she further acknowledged that the mandatory minimum sentence had been explained to her. Id. at 9-11. She nonetheless affirmed her desire to enter a guilty plea. Id. at 11. The district court subsequently sentenced her to the mandatory minimum twenty-year sentence. On

appeal, we rejected Regenos's contention that the mandatory minimum sentence constituted cruel and unusual punishment. United States v. Regenos, 54 Fed.Appx. 245 (8th Cir. 2002). Regenos then filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging that her counsel provided her with ineffective assistance during the plea negotiation process and that the government failed to file a motion for a downward departure. The district court denied the motion and Regenos's accompanying request for an evidentiary hearing. We granted a certificate of appealability on the ineffective assistance of counsel claim.

## II.

When addressing post-conviction ineffective assistance claims brought under § 2255, we review the ineffective assistance issue *de novo* and the underlying findings of fact for clear error. Covey v. United States, 377 F.3d 903, 906 (8th Cir. 2004). We review the district court's decision to deny an evidentiary hearing for abuse of discretion. Koskela v. United States, 235 F.3d 1148, 1149 (8th Cir. 2001).

Regenos contends that her trial counsel provided ineffective assistance because he failed to inform her that the sentence prescribed under the modified plea agreement (240 months) was longer than that prescribed under the original agreement (210 months) and provided no benefit to her in return. Claims of ineffective assistance of counsel arising from plea negotiations are reviewed under the two-part test laid out in Strickland v. Washington, 466 U.S. 668 (1984). Hill v. Lockhart, 474 U.S. 52, 57 (1985). Thus, in order to prove her claim, Regenos must show both that her counsel's performance was deficient—that her "counsel's representation fell below an objective standard of reasonableness"—and that such deficient performance prejudiced her defense—that there is "a reasonable probability that, but for [her] counsel's unprofessional errors," the result of the plea negotiation process would have been different. Strickland, 466 U.S. at 687, 688, 694.

Even if we assume that Regenos's counsel performed deficiently during the plea negotiation process, her ineffective assistance claim fails because she cannot prove that the result of the plea negotiations would have been different had her counsel performed adequately (i.e., that she would not have accepted the modified agreement).  See Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000) (where defendant fails to satisfy one of Strickland's two parts, the court need not address the other part).  The information that her counsel would have provided—express advice that the modified agreement called for a greater sentence than the original agreement—was fully supplied to her throughout the plea process.  The district court explicitly informed Regenos during the plea colloquy that the minimum sentence that it could impose was 20 years (240 months), and Regenos indicated that she understood that fact.  Moreover, Regenos personally initialed each modification to the original plea agreement, and thus she was aware of and assented to every difference between the terms of the original agreement and those in the modified agreement, including the increased sentencing exposure.

The record also indicates that Regenos received some benefit from the modified plea agreement in that it did not require her to cooperate with the government in any way.  Although Regenos disputes on appeal the government's assertion that the original plea agreement required cooperation, it is notable that, in her original § 2255 motion in the district court, Regenos stated that it "seem[ed] clear that the last-minute changes in the plea agreement presupposed that some sort of cooperation plea agreement was contemplated."  Indeed, it is difficult to understand why the government would have made reference at Regenos's plea hearing to the fact that the modified plea agreement reflected a "noncooperation plea agreement" if the original agreement did not in fact contemplate cooperation on Regenos's part.  See, e.g., Plea Tr. at 3.  Lending further support to the government's assertion that the original plea agreement required Regenos's cooperation is the district court's statement in its order denying § 2255 relief that "[t]he government accurately summarize[d] the benefits [Regenos] received," including the removal of the

cooperation requirement. D. Ct. Order of Dec. 18, 2003, at 3. We find nothing in the record that would cause us to question the district court's account of the circumstances that gave rise to the modified plea agreement. Regenos's plea colloquy and her written approval of each modification to the plea agreement further indicate that she understood that the modified plea agreement removed the cooperation requirement. We are accordingly satisfied that, despite Regenos's now-apparent regret that she chose to enter into and plead guilty in accordance with the modified plea agreement, she was on notice of the consequences of doing so. Thus, any additional advice from her attorney regarding those consequences would not have affected her decision to accept the modified plea.[2]

The district court also did not abuse its discretion in denying Regenos's request for an evidentiary hearing. A defendant is entitled to a hearing on a § 2255 motion "unless the motion, files, and record conclusively show" that the defendant is not entitled to relief. Koskela, 235 F.3d at 1149. "A § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). Here, Regenos's allegation that she was prejudiced by her counsel's alleged deficiencies in performance is contradicted by the record. Accordingly, the district court properly

---

[2]Regenos cites United States v. Day, 969 F.2d 39 (3d Cir. 1992), in support of her claim. Day, however, involved a defendant's choice to go to trial—a decision that does not require a plea colloquy—rather than to accept a plea. Id. at 42. The defendant in Day, who allegedly rejected a plea solely on the basis of his counsel's erroneous advice, id., is thus not similarly situated with Regenos, who was fully informed of the consequences of the plea modification both by the district court and by her own review and written approval of the modified plea itself.

exercised its discretion to dismiss Regenos's § 2255 motion without first holding an evidentiary hearing.

The judgment is affirmed.

_____