# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-2344

_____

Victor Manuel Tinajero-Ortiz,       *
                                    *

          Petitioner – Appellant,    *
                                    *   Appeal from the United States

       v.                      *   District Court for the
                                    *   District of South Dakota.

United States of America,       *
                                    *

          Respondent – Appellee.   *

_____

Submitted: March 17, 2011
Filed: April 8, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

MURPHY, Circuit Judge.

Victor Manuel Tinajero-Ortiz pled guilty to possession with intent to distribute methamphetamine, and consistent with his plea agreement he was sentenced to 120 months in prison. After his direct appeal was dismissed, Tinajero-Ortiz filed this 28 U.S.C. § 2255 action alleging that his trial counsel was constitutionally ineffective and misled him to believe that by pleading guilty he would receive five years in prison. The district court[1] denied his petition but granted him a certificate of appealability.

_____

[1] The Honorable Karen E. Schreier, Chief United States District Judge for the District of South Dakota, adopting the report and recommendation of the Honorable Veronica L. Duffy, United States Magistrate Judge for the District of South Dakota.

Tinajero-Ortiz argues that the district court erred by concluding that his trial counsel was not ineffective and abused its discretion by denying him an evidentiary hearing. We affirm.

I.

Tinajero-Ortiz is a Mexican citizen who earlier in his life was a promising professional soccer player and scholarship recipient. At age 18 he illegally entered the United States to spend time with his brother and later started a family in South Dakota, where his children and other family members live. Since 1998 Tinajero-Ortiz has been arrested four times; he was convicted twice for illegal reentry and once for identity theft, and was deported after each conviction.

After petitioner's most recent illegal reentry, he was asked to transport a package of methamphetamine from the southwestern United States to Rapid City, South Dakota. Law enforcement was tipped off, and Tinajero-Ortiz was arrested at the Rapid City bus terminal. In October 2007 he was indicted for possession with intent to distribute methamphetamine and illegal reentry. He also faced a petition to revoke a term of supervised release imposed for his identity theft conviction. An assistant federal defender represented Tinajero-Ortiz after the indictment was filed.[2]

After he was arraigned, Tinajero-Ortiz indicated a willingness to cooperate. On his attorney's advice Tinajero-Ortiz signed a proffer letter offering to tell the government all that he knew about the drug trafficking conspiracy, in exchange for the government's agreement that none of the information could be used in any criminal proceeding against him. The proffer letter provided that the government made no promises of any kind in return. The United States then debriefed Tinajero-Ortiz, who

---

[2] Tinajero-Ortiz is represented by new counsel in this appeal.

only provided minimal information about his drug contacts. The government decided not to move for a downward departure for substantial assistance.

Subsequently Tinajero-Ortiz and the United States entered into a plea agreement. Tinajero-Ortiz agreed to plead guilty to the drug charge. For its part the government agreed to dismiss his illegal reentry charge and to recommend a sentence at the low end of the guideline range with a concurrent term for any sentenced imposed for revocation of his supervised release. Both parties agreed that if the information Tinajero-Ortiz had provided would later prove to be useful, the government would file a substantial assistance motion. The parties further agreed that any sentencing recommendation was not binding on the court and that the statutory minimum sentence was five years, while the maximum was forty years.

Tinajero-Ortiz asserts that his counsel told him that he would receive a five year sentence in exchange for pleading guilty. He says that he believed the five year *statutory* minimum recited in the plea agreement was the "low end" of the as yet uncalculated *guideline* range. This alleged misrepresentation is at the heart of the claim he now raises.

Soon after signing the plea agreement, Tinajero-Ortiz entered his guilty plea in a hearing before U.S. District Court Judge Karen Schreier. Judge Schreier engaged him in a lengthy plea colloquy, during which Tinajero-Ortiz indicated that he had read and discussed the agreement with his attorney; that he understood all its terms and that it represented "in its entirety all of the understanding" of the parties; that the government had not made any separate promises; and that the terms of the agreement were "merely recommendations" which the court could reject at sentencing. Tinajero-Ortiz said he understood that five years was the minimum term of imprisonment and forty years the maximum; and that the guideline range to be later determined by the district court could be different from the range he had discussed with his attorney. After agreeing that these were the terms of the agreement, Tinajero-Ortiz pled guilty.

Before completing its Presentence Investigation Report (PSR), the probation office calculated petitioner's guideline range to be between 120 and 150 months. Under the terms of the plea agreement the parties had agreed to a sentence "at the low end" of this range. Nevertheless, two weeks before sentencing petitioner's attorney filed a sentencing memorandum requesting a downward variance to "three to five years" or "five years or less." Ten days later the attorney withdrew this request and instead moved the court "for a sentence at the low end of his guideline [range] as ultimately determined by the court."

At the sentencing hearing, the district court adopted the proposed guideline range in the PSR. His attorney stated that Tinajero-Ortiz agreed to "ask for a sentence of 120 months as the guidelines contemplate." Counsel also stated that Tinajero-Ortiz had hoped "to get a [60 month] sentence, a sentence that would be the mandatory minimum," and that "when [he] looked at the guidelines, [a 60 month] sentence would be about half of the low end of the guideline range." Tinajero-Ortiz addressed the court, apologized for his criminal conduct and stated that he was "not a bad person." He raised no objection to the court's calculation of the guideline range or to his attorney's request for a 120 month sentence. The district court sentenced Tinajero-Ortiz to 120 months in prison.

When Tinajero-Ortiz attempted to appeal his sentence, it was summarily dismissed because of the appeal waiver in his plea agreement. Tinajero-Ortiz subsequently filed this 28 U.S.C. § 2255 petition seeking to vacate his sentence on the ground that his attorney had provided constitutionally ineffective assistance. He complains that he received a ten year sentence instead of the five year mandatory minimum, which his attorney allegedly promised if he pled guilty. Tinajero-Ortiz states that if counsel had not assured him he would receive the five year minimum, he would not have pled guilty.

-4-

Magistrate Judge Veronica Duffy reviewed petitioner's assertions of ineffective assistance at length and recommended denial of his petition. Applying the two part test in Strickland v. Washington, 466 U.S. 668 (1984), she concluded that his allegations of ineffective assistance were without merit. She determined that the government's discretionary decision not to make a downward departure motion was unassailable absent some allegation of bad faith. Even if his attorney had failed to understand the terms of the plea agreement and had misrepresented them to Tinajero-Ortiz, she concluded that he had failed to show Strickland prejudice. Regardless of what he may have been told, "there was no guarantee that the court would sentence him to 5 years."

Judge Schreier adopted in full the magistrate's report and recommendation after concluding that Tinajero-Ortiz had "failed to show either that his counsel's representation was objectively deficient or that any such deficiencies prejudiced the defense and affected the judgment." She denied his § 2255 petition but granted him a certificate of appealability. Petitioner now argues not only that his counsel provided him constitutionally ineffective assistance, but also that he should have been granted an evidentiary hearing by the district court.

## II.

Tinajero-Ortiz first argues that the district court erred in concluding that his counsel had not provided constitutionally ineffective assistance. "When addressing post-conviction ineffective assistance claims brought under § 2255, we review the ineffective assistance issue *de novo* and the underlying findings of fact for clear error." United States v. Regenos, 405 F.3d 691, 692–93 (8th Cir. 2005). The two part Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). Tinajero-Ortiz has the burden to prove both that his counsel's representation "fell below an objective standard of reasonableness," Regenos, 405 F.3d at 693, and that there is a "reasonable probability

that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Petitioner argues that his attorney provided constitutionally ineffective assistance in two ways.[3] He suggests first that counsel misled him by telling him that he "would likely receive a sentence of five years for pleading guilty." Tinajero-Ortiz points to counsel's original sentencing memorandum in which he requested the court impose a sentence of "five years or less" or "three to five years," without mentioning that the plea agreement stipulated that the parties would recommend a sentence "at the low end" of the guideline range. Asserting that he would not have pled guilty without counsel's misrepresentations, Tinajero-Ortiz argues he has satisfied the two part test for ineffective assistance under Strickland.

Tinajero-Ortiz argues that his counsel was also constitutionally ineffective for failing "to serve as a meaningful advocate during his attempted cooperation." He complains that counsel simply "went along with what the prosecutor wanted during [his] debriefings" without "defending his client's interest." Petitioner alleges that his attorney failed to facilitate communication with the government so that he might satisfy its expectations for his cooperation. He contends that "[w]ith proper guidance, facilitation of communication, and management of expectations," he might have received a better outcome at sentencing.

In response, the government argues that petitioner's attorney provided effective assistance during both phases. It states that the record is "replete with evidence" contradicting petitioner's allegation that he was promised a 60 month sentence. The contradictions include (1) the plea agreement itself, which contained no such promise

---

[3] The district court granted the certificate of appealability in part on the issue whether petitioner's Fifth Amendment due process rights were violated, but he waived that argument by failing to address it in his opening brief. See United States v. Anderson, 570 F.3d 1025, 1031 n.3 (8th Cir. 2009).

and an integration clause; (2) statements made by Tinajero-Ortiz at the plea hearing that he had read and discussed the agreement with his lawyer and that the document correctly stated the terms of his agreement with the government; and (3) the proffer letter which expressly stated there was no guarantee that his cooperation would result in a recommendation for a reduced sentence. The government also points to petitioner's admission in the plea colloquy that he understood that the guideline range could not be determined until after the PSR was prepared and that it might be different than what his attorney predicted. Through his prior federal convictions, Tinajero-Ortiz also had had prior experience with sentencing guideline calculations. The government concludes that the alleged misrepresentations by counsel are "wholly unsupported by the record."

As to the petitioner's other allegations, the government states that counsel performed reasonably under prevailing professional norms by obtaining a written proffer agreement protecting his client from its use of incriminating statements and by giving Tinajero-Ortiz a chance for a reduced sentence if the information he provided proved useful. The government also asserts that Tinajero-Ortiz cannot prove prejudice because its decision not to move for a downward departure for substantial assistance is unassailable absent an unconstitutional motive or bad faith. Since Tinajero-Ortiz fails to allege either and even acknowledges that the government chose not to make the motion because his assistance was "minimal," he simply cannot show that he was prejudiced by his attorney's alleged failure to serve as a meaningful advocate in respect to his not receiving credit for substantial assistance.

We agree that Tinajero-Ortiz cannot prevail on his claims in respect to counsel's representation during plea negotiations or at the sentencing phase because he has not shown Strickland prejudice. We need not examine whether counsel's representation at either stage was deficient. See Strickland, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."); Williams v. United States,

452 F.3d 1009, 1014 (8th Cir. 2006). Tinajero-Ortiz has not shown that he "would not have [pled] guilty and would have insisted on going to trial" absent his attorney's misrepresentations. Hill, 474 U.S. at 59. At numerous presentencing points the government and the district court informed Tinajero-Ortiz that he could be sentenced to as many as forty years, that his advisory guideline range would not be determined until after the PSR was completed, and that the final range might differ from what his attorney told him. Petitioner himself raised no objection at sentencing to the guideline range adopted by the court or to its 120 month sentence.

This case closely resembles Regenos, where we held that a petitioner's claim of ineffective assistance of counsel failed "because she cannot prove that the result of the plea negotiations would have been different had her counsel performed adequately." 405 F.3d at 693. Because allegedly omitted information had been "fully supplied to [the petitioner] throughout the plea process" and the district court had "explicitly informed" the petitioner of the potentially applicable sentences during the plea colloquy, the Regenos petitioner failed to prove Strickland prejudice. Here, the government and the district court informed Tinajero-Ortiz multiple times that his statutory sentencing range was between five and forty years and that his advisory guideline range could be different from what his attorney had predicted. Tinajero-Ortiz has thus failed to meet the burden of proving Strickland prejudice.

We also conclude that petitioner's attorney was not constitutionally ineffective in respect to his potential cooperation with the government.[4] Although Tinajero-Ortiz argues that his lawyer failed "to serve as a meaningful advocate during his attempted

_____

[4] We may assume without deciding that the potential cooperation phase is a "critical stage" of criminal proceedings to which the Sixth Amendment right to counsel applies. See United States v. Leonti, 326 F.3d 1111, 1118 (9th Cir. 2003) (holding that "attempted cooperation" is a critical stage of the proceedings because persuading the government to file a substantial assistance motion is often "the last, best hope of so many defendants").

cooperation" and simply went "along with what the prosecutor wanted during the debriefings," we fail to see what more counsel should have done. He secured a proffer letter and sought to obtain a potential downward departure motion. Moreover, Tinajero-Ortiz has a high hurdle to clear on the prejudice element. A downward departure would have been required under the plea agreement for Tinajero-Ortiz to receive his desired five year sentence. That decision rested almost entirely in the hands of the government. See United States v. Wolf, 270 F.3d 1188, 1190 (8th Cir. 2001) (government decision not to move for downward departure for substantial assistance is unassailable absent an unconstitutional motive or bad faith). No bad faith or unconstitutional motives have been shown here. We therefore conclude that Tinajero-Ortiz has failed to meet his burden to prove his counsel provided constitutionally ineffective assistance.

### III.

Tinajero-Ortiz finally argues that he should have been granted an evidentiary hearing because of disputed and undeveloped facts. A § 2255 motion can be dismissed without a hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003). We review a district court's decision to deny an evidentiary hearing for an abuse of discretion. Regenos, 405 F.3d at 693.

Tinajero-Ortiz argues that the "true issue" in this appeal is whether he should have been granted an evidentiary hearing on his "disputed claims of ineffective assistance of counsel," especially because neither he nor his attorney has testified or been cross examined regarding the attorney's representations regarding the plea agreement. Remanding for an evidentiary hearing would allow further development of the record which he claims "is essentially blank."

The government responds that Tinajero-Ortiz is not entitled to an evidentiary hearing because he "simply cannot establish prejudice." It argues that he cannot show that he would have proceeded to trial absent his attorney's alleged misrepresentations regarding the plea agreement or that the result of his cooperation attempt would have been different had counsel more effectively communicated with the government. It argues that petitioner's allegations are "contradicted by the record" and "inherently incredible" because the proffer letter, the plea agreement, the plea hearing, and the sentencing hearing all failed to show a promise of a 60 month sentence. Rather, they show representations that his maximum sentence could be as high as forty years and that the guideline range could be higher than his counsel had predicted. Had Tinajero-Ortiz really been under a mistaken impression, he could have raised his concern either at the plea hearing or the sentencing hearing, or at both.

We agree. Even if true, petitioner's allegations would not entitle him to relief because he cannot prove <u>Strickland</u> prejudice on either claim. <u>See</u> <u>Hill</u>, 474 U.S. at 60 ("Because petitioner in this case failed to allege the kind of 'prejudice' necessary to satisfy the second half of the <u>Strickland v. Washington</u> test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim."); <u>see</u> <u>also</u> <u>Regenos</u>, 405 F.3d at 694; <u>Sanders</u>, 341 F.3d at 722–23. We conclude that petitioner's claims of ineffective assistance are "contradicted by the record [and] inherently incredible." <u>Sanders</u>, 341 F.3d at 722. The proffer letter, the plea agreement, the plea colloquy, and the sentencing hearing sufficiently refute his claims. Thus, the same district court which presided over those proceedings did not abuse its discretion in denying Tinajero-Ortiz an evidentiary hearing.

For all of these reasons, we affirm the judgment of the district court.

_____