# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3248

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Leroyce J. White, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 4, 2012
Filed: June 7, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Leroyce White appeals from the judgment entered by the District Court[1] after he pleaded guilty to being a felon in possession of ammunition, 18 U.S.C. §§ 922(g)(1) and 924(e). The court sentenced White to 180 months in prison, the statutory minimum under the Armed Career Criminal Act (ACCA), and a slight downward variance from the applicable Guidelines imprisonment range of 188 to 235 months. In a subsequent 28 U.S.C. § 2255 motion, White successfully claimed that his counsel was ineffective for failing to file a notice of appeal following his

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

conviction and unsuccessfully claimed that his counsel was ineffective for failing to prepare for trial and thereby coercing his guilty plea. In this appeal, in a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that White did not have the predicate ACCA convictions, that his sentence was unreasonable, and that the court erred in denying his second ineffective-assistance claim. In his pro se brief, White additionally raises a double-jeopardy claim and argues that his plea was not knowing and voluntary because no one explained the nature of the offense.

Following careful review, we conclude that White was properly sentenced under the ACCA, based on his Missouri second-degree-assault conviction stemming from shots being fired in the direction of law enforcement officers and his two drug-sale convictions. See 18 U.S.C. § 924(e); United States v. Vinton, 631 F.3d 476, 484–85 (8th Cir.) (explaining that under the modified categorical approach, the defendant's conviction under Missouri's second-degree-assault statute was a violent felony for ACCA purposes), cert. denied, 132 S. Ct. 213 (2011); United States v. Mason, 440 F.3d 1056, 1057–58 (8th Cir. 2006) (holding that multiple drug sales that occurred over three weeks and resulted in ten Missouri convictions were all predicate serious drug offenses for ACCA purposes). In addition, White's sentence was not unreasonable. See United States v. Woods, 670 F.3d 883, 889 (8th Cir. 2012) (explaining how a district court may abuse its discretion such that it imposes an unreasonable sentence). We also agree with the District Court that the plea transcript does not support the claims that White's plea was unknowing and involuntary or that plea counsel was unprepared for trial and thus ineffective. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); Tinajero-Ortiz v. United States, 635 F.3d 1100, 1104 (8th Cir.) (noting that a defendant could not show prejudice from ineffective assistance of counsel when he had not shown that he would not have pleaded guilty but for counsel's deficient performance), cert. denied, 132 S. Ct. 315 (2011). We do not consider White's double-jeopardy argument, raised for the first time in this appeal.

See <u>United States v. Goodwin</u>, 72 F.3d 88, 91 (8th Cir. 1995) ("Double jeopardy claims may not be raised for the first time on appeal.").

Finally, having reviewed the record under <u>Penson v. Ohio</u>, 448 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, the judgment is affirmed, and counsel's motion to withdraw is granted.

_____