# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2669

_____

Stephen Marc O'Berry

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: June 11, 2014
Filed: August 6, 2014
[Unpublished]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

United States Probation Officer Tim Howard conducted an unannounced supervised-release contact with Stephen Marc O'Berry on February 7, 2011—approximately two months after he had been placed on supervised release following his prison term for a child-pornography conviction. During the contact, Howard discovered O'Berry in possession of a cellular phone with internet

capability—a violation of one of his conditions of supervised release. O'Berry admitted that he had used the phone to view adult pornography. Howard then asked O'Berry whether he had viewed any child pornography, and O'Berry admitted that he had viewed pornography depicting children who were sixteen or seventeen years old. O'Berry stated that he used the phone and his girlfriend's laptop computer to search for and view the child pornography. Howard seized the phone and conducted a search of O'Berry's residence. During the search, Howard seized several additional items, including the laptop computer belonging to O'Berry's girlfriend. Forensic analysis uncovered three videos on the phone and 1,300 still images on the laptop computer. One of the three videos showed the penetration of a prepubescent female's vulva and another consisted entirely of a prepubescent female performing fellatio on an adult male. O'Berry admitted to downloading these videos in order to view them on the phone. All of the still images that O'Berry downloaded onto the laptop computer depicted prepubescent female children.

O'Berry pled guilty to one count of receipt of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2). During the plea hearing, the district court[1] reviewed the written plea agreement between O'Berry and the Government and informed O'Berry of the fifteen-year mandatory-minimum sentence. *See* 18 U.S.C. § 2252(b)(1). The district court sentenced O'Berry to the mandatory minimum. O'Berry subsequently filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his motion, O'Berry claims that his guilty plea was invalid in light of his counsel's alleged ineffective assistance. First, O'Berry argues that his counsel failed to negotiate with the Government to allow O'Berry to plead guilty to the lesser, uncharged crime of possession of materials involving the sexual exploitation of minors under 18 U.S.C. § 2252(a)(4)(B)—which, under the circumstances of his case, carried a mandatory-minimum sentence of ten

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

years.  *See* 18 U.S.C. § 2252(b)(2).  Second, O'Berry asserts that his counsel failed to advise him that possession of materials involving the sexual exploitation of minors is a lesser-included offense of his crime of conviction (*i.e.*, receipt of such materials) that carries a lower mandatory minimum, thereby preventing him from meaningfully considering his right to a jury trial.[2]  In response, the Government made clear at the § 2255 motion hearing that it would not have agreed to allow O'Berry to plead guilty to the lesser crime of possession in light of his previous child-pornography conviction and the fact that he recidivated approximately two months after being put on supervised release.  The district court denied O'Berry's § 2255 motion.  O'Berry appeals the denial of the motion, and we affirm for the following reasons.

"When addressing post-conviction ineffective assistance claims brought under § 2255, we review the ineffective assistance issue *de novo* and the underlying findings of fact for clear error."  *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011) (quoting *United States v. Regenos*, 405 F.3d 691, 692-93 (8th Cir. 2005)).  To establish ineffective assistance of counsel, O'Berry must show that defense counsel's performance was both deficient and prejudicial.  *See United States v. Frausto*, 754 F.3d 640, 642 (8th Cir. 2014).  "Failure to demonstrate either deficient performance by counsel or prejudice therefrom is fatal to a petitioner's claim."  *Id.* at 643.  "In order to demonstrate prejudice where, as here, a petitioner challenges the validity of his guilty plea, the petitioner must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Cullen v. Pinholster*, --- U.S. ---, 131 S.Ct. 1388, 1403 (2011) (quoting *Strickland v.*

---

[2]O'Berry's second argument is beyond the scope of the certificate of appealability issued by the district court.  However, we exercise our discretionary authority to expand the certificate of appealability *sua sponte*, and we will consider the argument on the merits.  *See United States v. Morgan*, 244 F.3d 674, 674-75 (8th Cir. 2001) (en banc).

*Washington*, 466 U.S. 668, 694 (1984)). "That requires a 'substantial,' not just 'conceivable,' likelihood of a different result." *Id.* Whether the alleged deficiencies of O'Berry's counsel prejudiced him "by causing him to plead guilty rather than go to trial will depend . . . in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 59. Therefore, in cases such as this, "the 'prejudice' inquiry . . . closely resemble[s] the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.*

Assuming, without deciding, that defense counsel's performance was deficient, O'Berry still is not entitled to relief because he cannot demonstrate prejudice. First, O'Berry argues that his counsel was ineffective by failing to negotiate with the Government to allow him to plead guilty to the lesser crime of possession of child pornography. However, the Government stated at the § 2255 motion hearing that it would not have offered a plea agreement allowing a guilty plea to the lesser-included crime of possession due to O'Berry's previous child-pornography conviction and the fact that he recidivated approximately two months after his placement on supervised release. *See Ramirez v. United States*, 751 F.3d 604, 608 (8th Cir. 2014) (finding no prejudice where defendant had "not shown that a reasonable probability existed that the government would have extended a plea offer"). Second, even if O'Berry had been advised of the lower mandatory-minimum penalty associated with the lesser-included crime of possession of child pornography, O'Berry cannot demonstrate a reasonable probability that he would have proceeded to trial given that this determination depends "in large part on a prediction whether the evidence likely would have changed the outcome of a trial." *Hill*, 474 U.S. at 59. Evidence that a defendant "knowingly downloaded" child pornography supports a conviction for receipt of such materials under § 2252(a)(2). *United States v. Worthey*, 716 F.3d 1107, 1113 (8th Cir. 2013); *see also United States v. Hill*, 750 F.3d 982, 988 (8th Cir. 2014) (holding that evidence of defendant searching for and downloading child pornography is sufficient to support a conviction for knowing receipt of such materials

under § 2252(a)(2)).  Here, O'Berry admitted to using a cellular phone and his girlfriend's laptop computer to search for and view child pornography, knowing that the depicted individuals were minors.  Forensic analysis revealed two videos on the phone depicting the sexual exploitation of minors.  O'Berry admitted downloading these files in order to view them on the phone.  Moreover, 1,300 still images were discovered on his girlfriend's computer—files that had been downloaded and later deleted.  Given this evidence, O'Berry cannot show a reasonable probability—*i.e.*, a substantial, not just conceivable, likelihood—that he would not have pleaded guilty and would have insisted on going to trial.

O'Berry's claims of ineffective assistance therefore fail for lack of prejudice, and the district court did not err in denying his § 2255 motion.  We affirm.

_____