# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3607

_____

Glen Ray Allen

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Arkansas - Hot Springs

_____

Submitted: February 10, 2017
Filed: April 14, 2017

_____

Before SMITH,[1] GRUENDER, and BENTON, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Glen Ray Allen pleaded guilty to conspiring to distribute more than 1,000 kilograms of marijuana and possessing with intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district

_____

[1]The Honorable Lavenski R. Smith became Chief Judge of the United States Court of Appeals for the Eighth Circuit on March 11, 2017.

court sentenced Allen to 120 months' imprisonment, which was affirmed on appeal. Allen petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, claiming that he was denied his Sixth Amendment right to effective assistance of counsel. The district court[2] denied the petition without an evidentiary hearing. We granted a certificate of appealability and now affirm.

## I. BACKGROUND

The facts underlying Allen's conviction are set forth in our prior opinion, *United States v. Allen*, 705 F.3d 367, 368-69 (8th Cir. 2013). We repeat those facts here as relevant for the instant appeal.

Following the initial filing of the criminal complaint in April 2010, Allen and a co-defendant ultimately were charged by superseding indictment with conspiring to distribute more than 1,000 kilograms of marijuana (count one) and possessing with intent to distribute more than 100 kilograms of marijuana (count two). He faced a mandatory minimum sentence of ten years on count one and five years on count two. *See* 21 U.S.C. § 841(b)(1)(A) and (B). Beginning in May 2010, attorney Tylar Tapp represented Allen, Allen pleaded not guilty to both counts, and Tapp filed a motion to suppress evidence seized from Allen's car. On July 29, 2010, the Government offered a plea deal in which Allen would plead guilty to count two, face a mandatory minimum of five years, and stipulate to a total offense level of 29—yielding an advisory sentencing range of 97 to 121 months' imprisonment. The plea offer was contingent on Allen withdrawing the suppression motion.

---

[2]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, now retired, adopting the report and recommendations of the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

Tapp thoroughly discussed the plea offer with Allen, but Allen was unhappy with the terms and did not want Tapp negotiating with the Government any further. Allen told Tapp that his sentence under the plea offer "was too much time for me to do according to my involvement." Based on these instructions, Tapp sent a letter to Allen in September 2010 confirming that the suppression hearing was set for October 2010. Tapp wrote, "It is my belief and understanding that I am going forward with this hearing and not to do any other negotiations unless told otherwise by you. If your opinion changes then please do not hesitate to let me know as soon as possible." Initially, Tapp had advised Allen to reject the plea offer and move forward with the motion to suppress. Tapp changed his position, however, when he learned that the Government could prove Allen was speeding prior to the search. Around this time and without Tapp's knowledge, Allen attempted to file an independent motion to suppress with the district court. Allen then informed the district court that he wished to retain different counsel. The district court allowed Tapp to withdraw and postponed the suppression hearing. Afterwards, Allen filed another *pro se* motion asserting there was insufficient evidence supporting the charges. On December 9, 2010, Allen retained Clay Janske to represent him.

Allen informed Janske that he was not interested in a plea deal and instructed him not to discuss the existing plea offer. In fact, Allen hired Janske specifically because he "would not be scared" to try the case before a jury.[3] On this basis, Janske proceeded with the motion to suppress, which was denied. Following the denial of the motion to suppress and a few days prior to trial, Allen's co-defendant pleaded guilty and agreed to testify against Allen. Around this time, the Government also indicated that if Allen proceeded to trial, it intended to seek an enhanced sentence based on Allen's prior felony drug convictions. *See* 21 U.S.C. § 851. If convicted on count one, Allen would face a mandatory sentence of life imprisonment; if

[3]In a letter sent to the district court after he pleaded guilty and was sentenced, Allen wrote, "I did mention [to Janske] that I didn't want to discuss a plea."

convicted on count two, Allen would face a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment.

At this point, Janske broached the subject of a plea offer. Because Allen proceeded with the suppression hearing, the Government offered a plea deal in which Allen would conditionally plead guilty to both counts without the § 851 enhancements, reserving the right to appeal the denial of his motion to suppress. Allen accepted the plea offer, conditionally pleaded guilty to both counts, and faced a mandatory minimum sentence of ten years on count one and five years on count two. The district court calculated an advisory sentencing guidelines range of 121 to 151 months' imprisonment and sentenced Allen to concurrent 120-month terms, the mandatory minimum for count one. On appeal, we affirmed the district court's denial of the motion to suppress. *Id.* at 370.

After his appeal, Allen filed this § 2255 petition, along with an affidavit and exhibits, alleging that he was denied his Sixth Amendment right to effective assistance of counsel. The Government responded with a brief and affidavits from Tapp and Janske. Among other claims, Allen argued that Janske gave erroneous advice that Allen would only get "a couple of more years" if he proceeded to trial instead of pleading guilty. Janske attested that this advice had been based on inaccurate information that Allen had provided about his criminal history. Allen argued that had Janske properly advised him about the potential of a mandatory sentence of life imprisonment if convicted on count one, he would have accepted the Government's initial offer and pleaded guilty before the suppression hearing. Instead, he pleaded guilty shortly before trial and faced a ten-year mandatory minimum instead of a five-year one.

The district court, adopting the report and recommendation of the magistrate judge, denied Allen's petition without an evidentiary hearing. Reviewing the record, it found that Allen specifically told Janske that he was not interested in plea

negotiations and to proceed with the suppression hearing. Even after the court denied the motion to suppress, Allen continued to forbid counsel from negotiating a plea deal. It concluded that "[o]nly when a co-defendant pled guilty and offered to testify against him and the Government indicated it would seek to enhance his sentence if the case went to trial, did Allen consider entering a plea agreement." We granted a certificate of appealability on the question of whether Janske's failure to advise Allen of a possible mandatory life sentence constituted ineffective assistance of counsel. Allen now appeals.

## II. DISCUSSION

"It has long been recognized that the [Sixth Amendment] right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (citations omitted). This right extends to the plea-bargaining process such that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). In order to establish ineffective assistance of counsel, Allen must demonstrate that his counsel's performance was both deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. 668, 693 (1984).

"In determining whether counsel's conduct was [deficient], there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (quoting *Strickland*, 466 U.S. at 689). Additionally, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). To demonstrate that counsel's deficient performance prejudiced his defense, Allen must show that there is a "reasonable probability that, but for [his] counsel's unprofessional errors, the result of [his] proceedings would have been different." *Strickland*, 466 U.S. at 694; *see also Sanders v. United States*,

341 F.3d 720, 722 (8th Cir. 2003) ("[T]he defendant must show that, but for his counsel's advice, he would have accepted the plea." (quotation omitted)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," which "requires a substantial, not just conceivable, likelihood of a different result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quotations omitted). In the plea-bargaining context, this means a claimant must demonstrate a substantial likelihood that (1) he would have accepted the offer to plead pursuant to the earlier proposed terms, (2) neither the prosecution nor the trial court would have prevented the offer from being accepted, and (3) the plea terms would have been less severe than under the judgment and sentence that were actually imposed. *See Lafler*, 566 U.S. at 164; *see also Missouri v. Frye*, 566 U.S. 133, 148 (2012).

We review § 2255 post-conviction ineffective-assistance claims *de novo* and the underlying findings of fact for clear error. *United States v. Regenos*, 405 F.3d 691, 692-93 (8th Cir. 2005). "We review the district court's decision to deny an evidentiary hearing for abuse of discretion." *Id.* at 693. Assuming without deciding that Allen has demonstrated that his counsel's performance was deficient, *see Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999), Allen has failed to show a substantial likelihood that he would have accepted the offer to plead guilty pursuant to the more favorable terms offered prior to the suppression hearing. As a result, Allen has not proven that Janske's advice prejudiced his defense.

Allen contends that he was prejudiced by Janske's allegedly erroneous advice that Allen would only get "a couple of more years" if he proceeded to trial instead of pleading guilty. Allen points to the fact that once he learned of the possibility of a life sentence, he quickly pleaded guilty. This, he asserts, is sufficient to show a "substantial, not just conceivable, likelihood" that he would have accepted the initial plea offer had Janske advised him of the possibility of a life sentence. *See Cullen*, 563 U.S. at 189 (quotations omitted). Allen's claims, however, run contrary to the record, which is clear that Allen's decision was motivated by his belief that the plea

offer was not favorable enough and his hope that he would succeed on the suppression motion.

Allen conceded that he thought the initial plea offer "was too much time for me to do according to my involvement" and thus told Tapp that he was not interested in negotiating with the Government. When Tapp expressed doubt about the chances of success on the motion to suppress, Allen attempted to file his own motion to suppress and fired Tapp. After that, Allen filed another *pro se* motion to dismiss the indictment, claiming there was insufficient evidence to support the charges. Allen then hired Janske specifically because Janske "would not be scared" to go to trial and told Janske that he was not interested in negotiating a plea. Even after his suppression motion was denied in January 2011, Allen forbade Janske from negotiating a plea deal. Allen did not plead guilty until April 2011, after his co-defendant had agreed to testify against him and the Government had indicated that it would seek an enhanced sentence if Allen proceeded to trial. The district court found that both factors—the co-defendant testimony and the possible enhancement—influenced Allen's decision to plead guilty. In other words, Allen failed to prove that "*but for* his counsel's advice, he would have accepted the plea." *See Sanders*, 341 F.3d at 722 (emphasis added). Under similar circumstances, we concluded a habeas claimant failed to show prejudice in part because he was "unwilling[] to consider pleading guilty," had "always expressed a desire to proceed to trial, and none of counsel's discussions about the possibility of a guilty plea seemed to sway him." *Id*. at 723. Thus, we conclude that Allen failed to prove, by a substantial likelihood, that he would have accepted the offer to plead pursuant to the earlier proposed terms.

Finally, the district court did not abuse its discretion in denying Allen's request for an evidentiary hearing. "A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted

by the record, inherently incredible, or conclusions rather than statements of fact." *Regenos*, 405 F.3d at 694. Here, Allen's claim that he was prejudiced by his counsel's purported deficient performance is contradicted by the record. Thus, the district court did not abuse its discretion in denying Allen's § 2255 petition without an evidentiary hearing.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

_____