# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3457

_____

Zachary Joseph Love, also known as Zackary Joseph Love

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 14, 2019
Filed: January 31, 2020

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

ERICKSON, Circuit Judge

Zachary Joseph Love was sentenced to 144 months' imprisonment following a plea of guilty to conspiracy to distribute and possess methamphetamine. Love moved to vacate his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel: first, for failing to secure a plea agreement and second, for failing to

pursue a second competency evaluation. The district court[1] denied Love's motion without holding an evidentiary hearing. Love appeals, reiterating his ineffective assistance of counsel claims and arguing the district court abused its discretion in denying the § 2255 motion without holding an evidentiary hearing. Because we find Love's allegations are either contradicted by the record or would not warrant relief if accepted as true, we affirm.

## I.     Background

In May 2015, Zachary Joseph Love was charged with conspiracy to distribute and possess 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. During the course of Love's representation, his Criminal Justice Act-appointed counsel became aware that Love potentially suffered from various mental health disorders and a traumatic brain injury. Love's counsel was concerned that Love was not competent to stand trial and moved for a mental health evaluation. At the motion hearing Love confirmed that he wanted to be evaluated and that the evaluation should take place as quickly as possible.

Love was transported to the Metropolitan Correctional Center in San Diego ("MCC San Diego") where he was observed and evaluated for six weeks. A Forensic Report was prepared which summarized Love's evaluation and determined that he suffered from post-traumatic stress disorder, attention deficit-hyperactivity disorder, and substance abuse issues. It also noted possible borderline intellectual functioning, traumatic brain injury, and migraines. The Forensic Report concluded that Love understood the charges against him, court processes, plea bargaining, punishment, and pleas of guilty and not guilty. The Forensic Report also suggested Love's

---

[1]The Honorable John M. Gerrard, Chief United States District Judge for the District of Nebraska.

medications were effective and that his mental health stability should be re-evaluated if his medication changed significantly.

After reviewing the Forensic Report, the magistrate judge found Love competent to stand trial. Love pled guilty and received a below-guideline range sentence of 144 months' imprisonment. Love moved to vacate his sentence under 28 U.S.C. § 2255, arguing his counsel was ineffective when he (1) failed to secure a plea agreement, and (2) failed to request a second evaluation because Love was off his medication for several days prior to the competency hearing. The district court found Love failed to allege facts showing his attorney's performance was objectively unreasonable and denied the motion without an evidentiary hearing.

## II.    Discussion

### A. Ineffective Assistance of Counsel

We review ineffective assistance of counsel claims brought under § 2255 *de novo*, and underlying factual claims for clear error. Davis v. United States, 858 F.3d 529, 532 (8th Cir. 2017). Our review is highly deferential, with a strong presumption that counsel's performance was reasonable. Camacho v. Kelley, 888 F.3d 389, 394 (8th Cir. 2018).

To prove ineffective assistance of counsel, Love must show (1) his attorney's performance fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for that deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The Strickland factors apply to claims arising from plea negotiations and the second prong is satisfied if accepting a plea offer would have resulted in a lesser sentence. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995) (citing Hill v. Lockhart, 474 U.S. 52, 57 (1985)).

Love's first contention is that his counsel was ineffective for failing to secure a plea agreement with a recommended 120-month imprisonment term. Assuming the government presented Love with a plea offer in which one of the terms was a recommendation for a 120-month sentence, Love is able to satisfy the prejudice prong of Strickland because accepting a 120-month offer would have reduced his sentence. His claim fails, however, because he cannot demonstrate that his attorney acted unreasonably.

Before the court ordered a competency evaluation, Love admits his attorney informed him that the prosecutor was willing to offer him a 120-month sentence in exchange for pleading guilty. Love alleges that he told his attorney he wanted to accept, but requested the agreement be reduced to writing. Love claims he inquired about the potential plea offer while at MCC San Diego and his attorney advised him not to worry about the plea offer and to concentrate on the evaluation. When he returned, the 120-month offer was no longer available. Love argues his counsel was ineffective in allowing the plea offer to expire while he was at MCC San Diego.

Strickland sets a "high bar" for unreasonable assistance. Buck v. Davis, 137 S. Ct. 759, 775 (2017). We will not find an attorney's performance constitutionally deficient unless it is outside the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. "It is only when the lawyer's errors were so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment that Strickland's first prong is satisfied." Buck, 137 S.Ct. at 775 (cleaned up). We make every effort to eliminate the "distorting effects of hindsight" and consider performance from counsel's perspective at the time. Davis, 858 F.3d at 534 (quoting Strickland, 466 U.S. at 689). Generally, the government may unilaterally withdraw a plea offer. See, e.g., United States v. Norris, 486 F.3d 1045, 1049 (8th Cir. 2007) (describing the government's right to withdraw absent unfair advantage in a later proceeding); United States v. Wessels, 12 F.3d 746, 752–53 (8th Cir. 1993) (describing right to withdraw prior to district court accepting a plea agreement).

At the time the prosecutor allegedly made a 120-month plea offer, Love's counsel was faced with the difficult task of balancing his client's interest in a plea agreement and unresolved issues regarding Love's competency. His counsel had grave concerns about Love's competence to stand trial based on attorney-client interactions, Love's purported history of mental health issues, Love's traumatic brain injury, and other information provided by Love's family. Love himself told the district court that he wanted to be evaluated and that he wanted to begin the process as quickly as possible.

With these competing interests in mind, we cannot say that advising Love to focus on the evaluation instead of a potential plea offer was constitutionally unreasonable. Love's counsel was presented with legitimate reasons to doubt Love's ability to understand the charge against him, and therefore, his ability to make a knowing and voluntary decision to plead guilty to it. Viewing the allegations presented by Love in his § 2255 motion in a light most favorable to him, we assume that during the pendency of Love's mental health evaluation, while these serious concerns were live, Love's attorney did not finalize a plea agreement until a determination was made that Love was competent to proceed. Given the strong presumption of reasonableness and the wide range of reasonable behavior, coupled with the competing interests that Love's counsel was facing at the time, we cannot say Love's counsel acted unreasonably by failing to reach a final plea agreement or by failing to find a way to preserve the plea offer during the mental health evaluation.

Although the dissent cites Missouri v. Frye as support for Love's argument that counsel may have been ineffective for allowing a plea offer to expire, Frye is distinguishable because that case involved an attorney who did not communicate an offer before it expired. 566 U.S. 134, 145 (2012). By contrast, Love's § 2255 motion alleges that his counsel told him about the plea offer. Taking Love's allegations as true and making all reasonable inferences in his favor, we are left to determine

whether failing to preserve the plea offer through the pendency of the MCC San Diego evaluation can, by itself, be constitutionally unreasonable.

Love's counsel had little, if any, power to restrain the prosecutor from exercising its unilateral authority to withdraw a plea offer. The dissent would extend <u>Strickland</u> well beyond the parameters of <u>Missouri v. Frye</u>, requiring not merely a duty to pass on offers and allow Love to consider them, but to require Love's counsel to compel the prosecutor to hold open an offer until the competency question was resolved. This is incompatible with <u>Strickland</u>'s requirement that ineffective assistance fall below an objective standard of reasonableness.

Love also claims his counsel was ineffective in failing to request a second competency evaluation after a brief period without medication. Love alleges the Forensic Report found his competency to stand trial contingent on maintaining his current medication regimen. This claim fails because the Forensic Report contains no conclusion that Love's legal competency was dependent on a specific medication regime. Instead, it makes a medical recommendation that his mental health stability should be re-evaluated if his medication significantly changed. It was not objectively unreasonable for Love's counsel to move forward with a plea hearing after Love had been comprehensively evaluated and found competent by the court.

*B. Evidentiary Hearing*

"We review the district court's decision to refuse an evidentiary hearing . . . for abuse of discretion, although review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo." <u>New v. United States</u>, 652 F.3d 949, 954 (8th Cir. 2011) (internal quotation omitted).

"A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Ford v. United States, 917 F.3d 1015, 1026 (8th Cir. 2019) (quoting United States v. Regenos, 405 F.3d 691, 694 (8th Cir. 2005)).

The district court did not abuse its discretion in declining to conduct an evidentiary hearing because Love's allegations regarding the plea offer, viewed in a light most favorable to him, are insufficient to support a grant of relief. Likewise no evidentiary hearing was required to determine Love's second claim of ineffective assistance because the Forensic Report on its face does not condition Love's competence on medication. Love's allegation to the contrary is contradicted by the record. Because Love alleges no other facts which, accepted as true, show his attorney acted unreasonably, no evidentiary hearing was required.

Finally, Love has moved to supplement the record with new affidavits from himself, his mother, and his sister. He claims they will attest to the contents of the plea offer, his competency, and the actions of his trial counsel. Generally, we cannot consider evidence on appeal which was not presented to the district court. United States v. Frederick, 683 F.3d 913, 920 (8th Cir. 2012). A narrow, rarely exercised exception can be made when the interests of justice demand it, such as when a misrepresentation deprived the district court of a complete picture of the case. Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993). Love presents no argument that misrepresentations or other injustice prevented the district court from considering his § 2255 motion. Rather, he seeks to introduce new evidence to support allegations we have accepted as true for the purpose of analyzing his ineffective assistance claim. The motion to supplement the record is denied.

## III.    Conclusion

For the foregoing reasons, we affirm.

KELLY, Circuit Judge, concurring in part and dissenting in part.

I agree Love failed to allege a viable claim that trial counsel was ineffective by not requesting a second competency evaluation. However, I believe the district court was required to hold an evidentiary hearing to consider Love's first claim, that counsel was ineffective in his handling of plea negotiations. On this issue, I respectfully dissent.

Love filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. He argued counsel was ineffective for allowing the government's plea offer to expire while he underwent a competency evaluation at MCC San Diego. Love alleged "counsel never advised him that the government had issued a warning or had set a time limit for him to accept the plea offer." Instead, counsel had led him to believe "the offer was still on the table." Love requested an evidentiary hearing to develop a record to show why counsel failed to "secure the plea offer" or "maintain plea negotiations" with the government.

The district court denied Love's motion without holding an evidentiary hearing and without ordering the government to respond. The court read Love's claim as asserting it was unreasonable "for counsel to wait for a competency evaluation" before allowing Love to accept a plea offer, and concluded that even if these allegations were true, they would not entitle Love to relief.

But this misconstrues Love's claim. Love did not contend counsel was ineffective for requesting an evaluation before accepting the plea offer. Nor did he contend that counsel was ineffective for not presenting him with the plea offer.

-8-

Rather, Love argued counsel deficiently handled plea negotiations by allowing the government's offer to expire while he was at MCC San Diego. *That* claim warranted an evidentiary hearing.

The right to effective assistance of counsel extends to plea negotiations. <u>Allen v. United States</u>, 854 F.3d 428, 432 (8th Cir. 2017). Love allegedly told counsel that he was interested in accepting the government's offer for a 120-month sentence. I agree it was objectively reasonable for counsel to wait until the competency evaluation concluded before finalizing any plea agreement. But without an evidentiary hearing, we cannot know why the plea offer Love wanted to sign had expired by the time he returned from MCC San Diego. Nor can we know whether counsel could have done anything to keep the plea offer open, or whether counsel's actions may have caused the offer to expire. At this stage of proceedings, it is not appropriate for this court to assume facts not in the record in order to resolve Love's claim.

An evidentiary hearing "must be held . . . unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." <u>Franco v. United States</u>, 762 F.3d 761, 763 (8th Cir. 2014) (cleaned up). Accepting Love's allegations as true, it is possible he is entitled to relief. I would reverse the denial of Love's first claim for relief and remand for an evidentiary hearing on the issue.

_____