# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3077

_____

Scott C., by and through Next Friend, Melissa C.; Melissa C., as Next Friend for
minor Scott C.; Miles M., by and through Next Friend, Rio M.; Rio M., Next
Friend for minor Miles M.

*Plaintiffs - Appellees*

Metropolitan Congregations United; Empower Missouri

*Plaintiffs*

v.

Riverview Gardens School District

*Defendant*

Missouri Department of Elementary and Secondary Education, (DESE)

*Defendant - Appellant*

Donna Cash, in her official capacity as Homeless State Coordinator for DESE;
Gavin Allan, in his official capacity as Director of DESE's Civil Rights
Compliance

*Defendants*

Roger Dorson, in his official capacity as Interim Commissioner of Education

*Defendant - Appellant*

State Board of Education; O. Victor Lenz, Jr.; Michael W. Jones; Peter F.
Herschend; Carol Hallquist; Charles W. Shields, in their official capacities as

Members of the Missouri State Board of Education; Special Administrative Board; Lynn Beckwith, Jr.; Veronica Morrow-Reel; Mark Tranel, in their official capacities as Members of the Special Administrative Board; Scott Spurgeon, in his official capacity as Superintendent of the Riverview Gardens School District; Chaketa Riddle; Andrea Woods, in her official capacity as Riverview Gardens Homeless Coordinator

*Defendant*s
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: September 22, 2021
Filed: December 10, 2021
_____

Before KELLY, ERICKSON, and GRASZ, Circuit Judges.
_____

KELLY, Circuit Judge.

The Missouri Department of Elementary and Secondary Education and Roger Dorson, in his official capacity as the Interim Commissioner of Education, (collectively, the State), appeal the decision of the district court[1] awarding attorney's fees to the plaintiffs, two minors and their mothers. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I

Minors Scott C. and Miles M., their mothers, and two non-profit organizations brought suit against the State, the Riverview Gardens School District and Special

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

Administrative Board (the district defendants), and several individuals in their official capacities as state and local officials (the individual defendants). The complaint alleged violations of the McKinney-Vento Act (MVA or the Act),[2] the Rehabilitation Act (RA), the Americans with Disabilities Act (ADA), and the Equal Protection Clause of the Fourteenth Amendment. Eventually, the parties entered into a Memorandum of Understanding (MOU), agreeing to resolve the case by means of a consent decree. In the MOU, the parties agreed that an expert would review the State's policies and practices to assess the State's compliance with its obligations under the Act. If the expert concluded there were "any legal requirements not being met by the State," she would make recommendations for modifications, which would then form the basis of an Implementation Plan. In the MOU, the State also "reserve[d its] rights to challenge any application or award of attorneys' fees, in whole or in part, sought to be imposed against" it.

The parties then submitted a proposed Consent Order and Judgment, which was adopted and entered by the district court. None of the defendants admitted wrongdoing, but pursuant to the Consent Order, the State was obligated to comply with all provisions of its Implementation Plan.[3]

Plaintiffs then moved for attorney's fees pursuant to 42 U.S.C. § 1988(b). The State opposed the motion. It did not dispute that the plaintiffs were entitled to reasonable attorney's fees and argued only that the requested fee amount was unreasonably high and should be significantly reduced. The district court calculated a reasonable attorney's fee and entered an order accordingly.

---

[2]The MVA protects the right of children experiencing homelessness to a free, appropriate public education and sets out obligations for state and local educational agencies in serving such students. See 42 U.S.C. §§ 11431–33.

[3]Pursuant to the Consent Order and Judgment, the district defendants were obligated to comply with their own Implementation Plan and the individual defendants were dismissed from the case. The district defendants do not appeal.

-3-

The State filed this appeal challenging the district court's order on fees. First, the State argues that § 1988 does not authorize the imposition of fees for the plaintiffs' MVA claim because the MVA does not create rights enforceable by individuals pursuant to 42 U.S.C. § 1983. Rather, the State asks this court to find that the students and their mothers lacked a private cause of action to bring a claim under the MVA and therefore are not entitled to an award of attorney's fees as to that claim. Second, the State challenges the district court's decision to impose joint and several liability on the State for the fees awarded against the district defendants.

II

We turn first to the State's argument that the district court lacked the authority to award fees for the MVA claim. The district court awarded the plaintiffs attorney's fees pursuant to § 1988, which provides: "In any action or proceeding to enforce a provision of [§ 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." Section 1983, in turn, authorizes an injured party to seek redress for the deprivation by a state of rights secured by statute. The State argues that the MVA does not create a right of action for the plaintiffs in this case. According to the State, because the MVA claim was not properly brought pursuant to § 1983, the district court lacked the authority to impose fees pursuant to § 1988. The question whether the MVA provides a private right of action for students experiencing homelessness and their families is a question of first impression in this circuit.

The State does not dispute that it had multiple opportunities to raise the issue of private enforcement before the district court and never did so. The State filed a motion to dismiss the MVA claim pursuant to Federal Rule of Civil Procedure 12(b)(6), challenging the sufficiency of the "conclusory allegations" in the complaint and the plaintiffs' failure to point to "a regulation or policy that resulted in the claimed violations." But the State's motion did not include an argument that the students and their mothers lacked a cause of action under the MVA. The State also filed a response to the motion for fees that challenged the reasonableness of the

amount requested. The State did not argue, however, that the plaintiffs should only be able to recover fees for their equal protection claim and not for time spent pursuing the MVA claim, as it now argues to this court. Nevertheless, the State asks this court to exercise its discretion to take up this argument raised for the first time on appeal.

"The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." Singleton v. Wulff, 428 U.S. 106, 121 (1976). As a general rule, we do not consider issues that are raised for the first time on appeal. There are exceptions: The court may exercise its discretion to consider newly raised issues "where the proper resolution is beyond any doubt, or where injustice might otherwise result, or when the argument involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case." Universal Title Ins. Co. v. United States, 942 F.2d 1311, 1314–15 (8th Cir. 1991) (cleaned up).

The State asserts that we should consider the question in this case because it is a purely legal issue that does not require further development of the factual record before the district court. While this court has the discretion to take up purely legal questions not raised below, the court declines to do so here.[4] The legal question the State now raises goes to the merits of the parties' dispute, which they agreed to resolve by way of a settlement. The parties negotiated an end to the litigation of the merits, and both parties are entitled to the finality of that agreement. The MOU clearly contemplated the resolution of the plaintiffs' MVA claim, providing for an

---

[4]We agree with the parties' shared position that this question does not implicate the court's jurisdiction. See Davis v. Passman, 442 U.S. 228, 239 n.18 (1979) (distinguishing the question of the court's jurisdiction—its "power, under the Constitution or laws of the United States, to hear a case"—from the existence of a cause of action—the "question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court").

-5-

expert review of the State's compliance with the MVA and possible recommendations for the State to implement. We therefore decline to take up in this collateral manner a question implicitly resolved by the parties' negotiated settlement.

III

The State also challenges the district court's decision to make it jointly and severally liable for the fees awarded against the district defendants. The State's first argument is that since § 1988 does not authorize fees in this case, the State cannot be made jointly liable for fees to which the district defendants consented but the State did not. For the reasons explained above, this court declines to consider the State's argument that fees pursuant to § 1988 are not appropriate for the MVA claim in this case.

In the alternative, the State argues that even if fees are appropriate pursuant to § 1988, the State should not be jointly and severally liable for fees imposed against the district defendants pursuant to the MOU. The MOU provides as follows:

> District Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred to date with regard to the remaining claims against the District (but not claims against the State Defendants) in an amount to be determined by the Court. State Defendants do not here agree to pay any attorneys' fees and reserve their rights to challenge any application or award of attorneys' fees, in whole or in part, sought to be imposed against State Defendants.

Pursuant to this language, the district court calculated the share of the reasonable fee that accrued before the MOU was signed and imposed that amount on the district defendants—approximately 80 percent of the total amount. The district court directed the State to pay the portion of the reasonable fee accrued after the MOU was signed—the remaining 20 percent—and also made the State jointly and severally liable for the district defendants' portion of the fee award.

A district court's decision whether to apportion a fee award among parties is reviewed for abuse of discretion.  See Snider v. City of Cape Girardeau, 752 F.3d 1149, 1159 (8th Cir. 2014).  The State's primary objection is the district court's citation to the expert's report, which the State construes as "exclusive reliance on an expert's impermissible legal conclusion."  The district court's opinion, however, is better supported than this characterization suggests.  The district court cited to both Eighth Circuit precedent and statutory language to justify its conclusion before noting that the expert took the same position.  The State also objects that it did not concede liability in the MOU.  Before the district court, however, the State did not dispute that the plaintiffs were the prevailing party and entitled to fees.  Therefore, we conclude that the district court did not abuse its discretion in making the State jointly and severally liable for the fees imposed against the district defendants.

IV

For the foregoing reasons, we affirm in full the district court's order regarding attorney's fees.

_____