# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-2791

———————————————

Derrick Anthony Stewart

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

————————

Appeal from United States District Court
for the Southern District of Iowa - Central

————————

Submitted: April 13, 2022
Filed: August 5, 2022
[Unpublished]

————————

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

————————

PER CURIAM.

Derrick Stewart appeals following the district court's[1] denial of his motion to vacate or set aside his sentence under 28 U.S.C § 2255. Because Stewart cannot show counsel performed deficiently at the time of his sentencing, we affirm.

———————————

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

On November 13, 2017, Stewart pled guilty to conspiracy to distribute a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and 851; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Stewart had a prior Illinois felony drug conviction, which the government gave notice of under 21 U.S.C. § 851. In March 2018, the court sentenced Stewart to a mandatory minimum sentence of 240 months' imprisonment on the drug count and 60 months on the firearms count, to run consecutively. Without the § 851 enhancement, Stewart's guidelines range would have been 168 to 210 months, plus 60 months on the § 924(c) count to run consecutively. Stewart unsuccessfully appealed the denial of his suppression motion. United States v. Stewart, 761 F. App'x 659 (8th Cir. 2019) (unpublished).

On December 5, 2019, Stewart filed a motion to set aside or vacate his sentence under § 2255 claiming for the first time that the § 851 enhancement was improper, because under the categorical approach the Illinois statute of conviction was broader than the federal definition of a felony drug offense. Stewart also claimed ineffective assistance of counsel. The district court denied the motion but granted a certificate of appealability.

We review *de novo* the district court's denial of a § 2255 motion to vacate or set aside a sentence. Jackson v. United States, 956 F.3d 1001, 1006 (8th Cir. 2020). "[A] petitioner may not raise an issue before the district court for the first time in a § 2255 motion if the issue was not presented on direct appeal from the conviction." Jennings v. United States, 696 F.3d 759, 762-63 (8th Cir. 2012). To prevail on a claim that has been procedurally defaulted, a defendant must demonstrate either: (1) cause that excuses the default and actual prejudice, or (2) that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998). As the district court concluded, actual prejudice can be shown here because Stewart likely would have received a much lower sentence without the § 851 enhancement and resulting mandatory minimum. To obtain relief, Stewart must prevail on his ineffective assistance of counsel claim that would operate to excuse the default.

In 2008, we held that a conviction under Illinois 570/402(c), the same statute under which Stewart was convicted, was a predicate conviction to support a sentencing enhancement under § 851. United States v. Hawkins, 548 F.3d 1143, 1150 (8th Cir. 2008); see also 720 Ill. Comp. Stat. 570/402(c) (2000). Although the decision did not mention the categorical approach, it did look broadly at the definition of "felony drug offense" in § 802(44) to determine that the Illinois statute "fits within th[at] definition." Id. When Stewart was sentenced on March 19, 2018, Hawkins was the governing law in our circuit.

More than one year after Stewart's sentencing, we held that the categorical approach should be used to determine whether a statute qualifies as a predicate conviction under certain federal sentencing enhancement schemes, including the Controlled Substances Act ("CSA"). United States v. Boleyn, 929 F.3d 932, 936 (8th Cir. 2019). We evaluate counsel's performance from counsel's perspective at the time and ignore the "distorting effects of hindsight." Love v. United States, 949 F.3d 406, 410 (quoting Davis v. United States, 858 F.3d 529, 534 (8th Cir. 2017)); see Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) ("[C]ounsel's decision not to raise an issue unsupported by then-existing precedent did not constitute ineffective assistance."). Because under the law of our circuit at the time of Stewart's sentencing his prior conviction under § 570/402(c) was a predicate conviction under § 851, Stewart's counsel did not perform deficiently.

The judgment of the district court is affirmed.

_____