# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-1455
_____

Tremonti Perry

*Plaintiff - Appellant*

v.

Anne L. Precythe; Ian Wallace, Warden, Southeast Missouri Correctional Center; Corizon LLC; Glen Babich, M.D.; John Matthews, M.D.; Centurion of Missouri, LLC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: September 25, 2024
Filed: November 15, 2024
_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.
_____

GRUENDER, Circuit Judge.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before suing in federal court. Tremonti Perry was unable to comply with the prison's remedial process because he was in a medically induced coma during the prescribed fifteen-day filing window. We must decide

whether the PLRA's exhaustion provision required Perry to initiate the remedial process after that window passed. Because the prison's rule did not permit an untimely filing, we answer this question in the negative. Therefore, we reverse and remand for further proceedings consistent with this opinion.

## I.

While incarcerated at Southeast Correctional Center ("SECC"), Perry suffered a serious medical emergency and was eventually placed in a medically induced coma for a month. Several years after emerging from the coma, he filed suit against SECC's Warden, the Missouri Department of Corrections Director, and two medical-care contractors (collectively, "Defendants") under 42 U.S.C. § 1983, alleging Eighth Amendment deliberate indifference claims connected to that same medical emergency. Perry acknowledged in his complaint that he had not used the prison's administrative remedy, which required him to file a complaint within fifteen days of the incident. Nevertheless, he stated that he had met PLRA's exhaustion requirement because he had been in a medically induced coma during the prescribed fifteen-day filing window.

Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) on the basis that Perry had not exhausted his available remedies. Defendants conceded that the "grievance process was unavailable to [Perry] during the time period that he was in a medically induced coma and for a reasonable time period following that event." Regardless, they asserted that the PLRA required Perry to "[make a] diligent effort to exhaust his claims" after he had recovered. The district court granted Defendants' motion. Although the district court agreed with Perry that the grievance procedure was unavailable while he was in the coma and "during his medical issues thereafter," the district court concluded that Perry had not exhausted his remedies because "he could have [filed a grievance] when his medical conditions resolved." Perry appeals the district court's dismissal of his complaint.

## II.

We review *de novo* the district court's decision to dismiss the complaint pursuant to Rule 12(b)(6). *Minter v. Bartruff*, 939 F.3d 925, 926 (8th Cir. 2019). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter, which, when accepted as true and viewed in the light most favorable to the nonmoving party, states "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Administrative remedies are defined by the prison and are exhausted when an inmate has used and properly followed all required steps. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Under the PLRA, prisoners must exhaust "available" administrative remedies before bringing suit in federal court. 42 U.S.C. § 1997e(a). An administrative remedy is "available" when it is "accessible or [obtainable]." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Courts have determined that an administrative remedy is unavailable to an inmate under the PLRA when "(1) the inmate was unable to file a timely grievance due to physical or mental incapacity; and (2) the administrative system's rules do not accommodate the condition by allowing a late filing." *Smith v. Andrews*, 75 F.4th 805, 809 (8th Cir. 2023).

We agree with Perry that the prison's administrative grievance process was unavailable to him. "[P]hysical . . . incapacity" plainly rendered Perry incapable of "fil[ing] a timely grievance." *See id*. He was in a medically induced coma for a month after his medical emergency, encompassing the entire fifteen-day filing window. Even after Perry awoke, he could not avail himself of the prison's grievance process because the prison's grievance process did not permit late filings. We therefore conclude that the prison's administrative remedy was unavailable to Perry.

Defendants contend that a remedy remained available to Perry because "there is a possibility that prison officials could have addressed" an untimely grievance, notwithstanding the fifteen day-deadline. But it is "the administrative system's rules" that must allow for a late filing. *Id.*; *see also Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements . . . that define the boundaries of proper exhaustion."). The possibility that officials might have ignored or abandoned the deadline set forth in the grievance procedure and considered an out-of-time request has no bearing on availability. Here, the prison's rule did not permit Perry to initiate the grievance process more than fifteen days after his medical emergency. We therefore reject Defendants' contention that the grievance process remained available to Perry.

Defendants also assert that because Perry alleges "continuous denial of medically necessary care," the deadline for filing a grievance is "perpetually renewed." But this argument suffers from the same flaw: Defendants do not point to anything in the prison's rules suggesting that a prisoner must initiate a new grievance process if ongoing issues persist. So, this argument also fails.

Defendants alternatively argue that Perry could have taken advantage of language in the Missouri Department of Corrections ("MDOC") Manual that allows an inmate to file an untimely grievance. Specifically, for the first time in this litigation, Defendants now ask this court to supplement the record with an excerpt from the MDOC Manual, which gives prison officials the ability to waive the fifteen-day deadline in certain circumstances. The excerpt states: "[t]he functional unit manager *may waive this time period in extenuating circumstances when an offender is unable to file the request within the specified time frame*, because he is out to court, *in hospital*, etc." (emphasis added). According to Defendants, this policy excerpt demonstrates that Perry could have filed an untimely request, "thus the grievance process remained available," notwithstanding the fifteen-day deadline.

Defendants' first problem is that the MDOC text the Defendants urge us to rely on is entirely absent from the record—that is why Defendants had to file a motion requesting we supplement the record. Documents presented for the first time

on appeal are generally not considered part of the record for review by the appellate court. *Huelsman v. Civic Ctr. Corp.*, 873 F.2d 1171, 1175 (8th Cir. 1989). And while a "narrow, rarely exercised exception can be made when the interests of justice demand it," *Love v. United States*, 949 F.3d 406, 411 (8th Cir. 2020), we are reticent to enlarge the record with "evidence available . . . long before the district court decided this case." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1092 (8th Cir. 2013).

We will not deviate from normal practice by supplementing the record here. Defendants offer no compelling reason why the "interests of justice" demand we consider the excerpt when Perry's complaint put Defendants on notice that Perry's argument rested on MDOC's text. Defendants fail to explain why the material they now wish to submit was not submitted with their motion to dismiss. We decline to supplement the record now with material "available . . . long before the district court decided this case." *Id.*[1] Thus, we deny Defendants' motion to supplement the record and reject Defendants' argument that Perry could have taken advantage of language in the MDOC Manual that allows an inmate to consider an untimely grievance.

Defendants face a second, independent problem: "[o]rdinarily, this court will not consider an argument raised for the first time on appeal." *See Gap, Inc. v. GK Dev., Inc.*, 843 F.3d 744, 748 (8th Cir. 2016) (internal quotation marks omitted) (finding waiver where party did not raise argument before the district court); *see also*

---

[1]Even if we enlarged the record, we would reach the same conclusion. Perry responded to Defendants' newly introduced material by filing his own motion to supplement the record with two different excerpts that undermine Defendants' position. First, the Offender Rulebook states without qualification that the prisoner must file the complaint in fifteen days. We cannot fault Perry for failing to follow a procedure that "was not presented in the handbook which described the grievance process," where the handbook's time limit is "unqualified and without exception." *Lanaghan v. Koch*, 902 F.3d 683, 689 (7th Cir. 2018). Second, Perry offers an excerpt governing inmates, who like him, had been transferred to a different facility. That provision, like the Offender Rulebook, states without qualification that a prisoner must file the complaint in fifteen days. We need not decide which provision applies—under either, we would reach the same outcome.

*Ramirez v. Young*, 906 F.3d 530, 539 (7th Cir. 2018) (rejecting argument that a state regulation allowed a prison to consider an untimely grievance because defendants presented this argument for the first time on appeal). Before the district court, Defendants asserted "that at some point over the past eight years the grievance system was available to Plaintiff, [and] that Plaintiff failed to utilize the grievance system." They never contested Perry's allegation that the grievance procedure required him to comply with a "fifteen day deadline." Only on appeal did Defendants argue that the grievance procedure itself permitted a prisoner to file after the fifteen-day deadline. We conclude that Defendants failed to raise this argument in the district court (despite ample opportunity to do so), so, following our ordinary practice, we will not consider it here.[2]

We conclude that Perry had no "available" administrative remedies. Thus, the district court erred when it determined that Perry had not satisfied PLRA's exhaustion requirement.

## III.

For the foregoing reasons, we deny both motions to supplement the record, reverse the district court's dismissal of the complaint, and remand for further proceedings consistent with this opinion.

_____

---

[2]Under an exception, we may address a newly raised argument when "the new issue is encompassed in a more general argument previously raised and no new evidence is presented on appeal." *Gap,* 843 F.3d at 749. However, this exception does not apply because Defendants' argument hinges entirely on an excerpt from the MDOC manual that they presented for the first time on appeal.