# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2601

_____

Joseph A. Becker

*Plaintiff - Appellant*

v.

Sgt. Ike; Earl Scott, Nurse, JCCC; Susan Hodges, Nurse, JCCC; Keith Segall,
Nurse, JCCC; Jerry Lovelace, Regional Medical Director, JCCC; Centurion
Health Care Services; Myles Stryd, Deputy Warden, JCCC; Lt. Ozanich; Michael
Graf, COI; Shaunrelle Robinson, COI

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 18, 2024
Filed: January 8, 2025
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner Joseph Becker appeals the district court's Federal Rule of
Civil Procedure 12(b)(6) dismissal of his civil rights action, for failure to exhaust

administrative remedies. Becker claimed correctional officers subjected him to excessive force during an August 3, 2021 incident and that on multiple occasions he was denied medical care for the resulting injuries. Becker contended that administrative remedies were unavailable to him because he was denied the form needed to initiate administrative proceedings, and he specifically alleged that in the weeks following the incident staff denied his requests for the form because he refused to end a hunger strike. The district court determined that Becker failed to properly exhaust administrative remedies and that the record, which includes grievances Becker filed months after the incident, showed Becker had access to the administrative process.

We conclude that the district court erred in dismissing the case for failure to exhaust administrative remedies without determining whether Becker could have timely initiated the grievance process with respect to his claims. *See Perry v. Precythe*, 121 F.4th 711, 713-15, 716 n.1 (stating that dismissal pursuant to Rule 12(b)(6) is reviewed de novo; concluding that the district court erred in determining that a Missouri prisoner failed to satisfy the exhaustion requirement where the administrative process was unavailable to the prisoner during the 15-day timeframe for initiating the process); *Smith v. Andrews*, 75 F.4th 805, 808-09 (8th Cir. 2023) (holding that a court must determine whether administrative remedies were unavailable before determining that failure to exhaust remedies bars a prisoner's lawsuit); *see also Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (concluding a prisoner's allegations that prison officials failed to respond to his requests for grievance forms raised an inference that he was prevented from utilizing the prison's administrative remedies). Accordingly, we reverse the district court's order dismissing the case and remand for the district court to assess whether administrative remedies were available with respect to each of Becker's claims and to conduct further proceedings consistent with this opinion. We also grant Becker's motion for leave to proceed in forma pauperis on appeal. *See Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam).

_____