# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 24-3363

———————————————

American Sentinel Insurance Company

*Plaintiff - Appellee*

v.

Day & Night Trucking, Inc.

*Defendant*

Total Quality Logistics, LLC

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Western District of Missouri

——————————

Submitted: November 18, 2025
Filed: January 27, 2026
[Unpublished]

——————————

Before BENTON, GRASZ, and STRAS, Circuit Judges.

——————————

PER CURIAM.

A multi-vehicle accident involving a tractor-trailer owned by Day & Night Trucking, Inc. (D&N) occurred in Missouri. At the time of the accident, D&N's

tractor-trailer was covered by an auto liability policy issued by American Sentinel Insurance Company (ASI). After the accident, ASI received competing claims to the policy's proceeds, so it filed an interpleader in Missouri state court and deposited the policy limit into the court's registry. Ultimately, the parties to the interpleader "stipulated to and agreed upon[] disbursement of the" policy limit, and the state court entered a judgment disbursing the funds according to their agreement.

ASI then filed this declaratory judgment action against D&N and Total Quality Logistics, LLC (TQL), the entity that brokered the load D&N's tractor-trailer was hauling when the accident occurred, in federal court. ASI argued its policy limit was exhausted when the state court disbursed the proceeds in the interpleader and that it, therefore, does not owe further duties under the policy. The district court[1] agreed and granted ASI summary judgment. TQL appeals.

"We review the district court's grant of summary judgment, and its interpretation of state insurance law, de novo." *Clarendon Nat'l Ins. Co. v. United Fire & Cas. Co.*, 571 F.3d 749, 752 (8th Cir. 2009). The parties agree Missouri law applies to their dispute. Thereunder, unambiguous insurance policies "will be enforced as written," and ambiguous policies will be interpreted "in favor of the insured." *Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. 2007). "Whether an insurance policy is ambiguous is a question of law," *Martin v. U.S. Fid. & Guar. Co.*, 996 S.W.2d 506, 508 (Mo. 1999), and "[c]ourts may not unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity when none exists." *Todd*, 223 S.W.3d at 163.

The policy states ASI's "duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements." In its order granting summary judgment to ASI, the district court explained ASI's "duty to defend or indemnify any insured has ended because the

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

policy limits [were] exhausted" when they were "disbursed to the various claimants" in the interpleader. We agree. The language of the policy clearly and unambiguously states that it may be "exhausted by payment of judgments or settlements," and that is what happened here. Indeed, the state court entered a judgment in the interpleader disbursing the limit of ASI's policy according to the parties' stipulated agreement. Moreover, both in its opposition to ASI's motion for summary judgment, and again at oral argument, TQL conceded that this was sufficient to exhaust ASI's policy. Consequently, ASI's policy has been exhausted.

TQL argued below that despite its concession, ASI was not entitled to summary judgment because it presented no evidence from which the district court could find it "acted in good faith when it exhausted its policy limit" and summary judgment was premature, both because D&N did not participate in this litigation and discovery had not concluded. In granting ASI's motion, the district court rejected these arguments, and TQL does not ask us to review them on appeal. Instead, TQL now argues (1) the policy does not explicitly state it can be exhausted by interpleading the policy limit, (2) Missouri's interpleader statute, Mo. Rev. Stat. § 507.060.4, imposes extra-contractual obligations on insurers that ASI failed to comply with, and (3) the policy's "Supplementary Payments" provision imposes "independent indemnity obligations" on ASI. However, as TQL conceded in its reply brief and at oral argument, it did not raise these issues — much less develop them — when this case was before the district court.

We have occasionally "consider[ed] newly raised issues 'where the proper resolution is beyond any doubt, or where injustice might otherwise result, or when the argument involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case.'" *Scott C. ex rel. Melissa C. v. Riverview Gardens Sch. Dist.*, 19 F.4th 1078, 1082 (8th Cir. 2021) (quoting *Universal Title Ins. Co. v. United States*, 942 F.2d 1311, 1314–15 (8th Cir. 1991)). But "[a]s a general rule, we do not consider issues that are raised for the first time on appeal." *Id.*; *accord Perry v. Precythe*, 121 F.4th 711, 716 (8th Cir. 2024). "The matter of what questions may be taken up and resolved for the first time on appeal

is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *accord Wiser v. Wayne Farms*, 411 F.3d 923, 927 (8th Cir. 2005).

Having considered TQL's briefs and its submission at oral argument, we will not resolve TQL's new arguments for several reasons. First, aside from stating its new arguments were encompassed within its "general argument below that [ASI] did not meet its summary judgment burden," TQL did not offer any explanation for its failure to raise these arguments, which are not based on new developments, to the district court. Every litigant that opposes a motion for summary judgment *necessarily* contends the movant failed to meet its burden. *See, e.g.*, *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042–43 (8th Cir. 2011) (en banc). So more than TQL's blanket opposition to summary judgment was required to preserve its new arguments for appeal. Second, TQL has not shown "beyond any doubt" that its new arguments have merit. And third, TQL has not demonstrated injustice will stem from our decision not to consider its new arguments, especially given that ASI has already expended its policy limit in the interpleader.

For these reasons, we affirm the district court's judgment.[2]

_____

---

[2]TQL's motions asking us to take judicial notice are denied as moot.

-4-